United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 16, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-30274
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

KIRBY JACOBS,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:05-CR-10002-ALL
--------------------

Before REAVLEY, GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Kirby Jacobs appeals the district court's revocation of his
supervised release and the 11-month sentence imposed following
revocation.  He contends that the Government failed to prove by a
preponderance of the evidence that he violated a condition of his
supervised release by failing to obtain representative payee
status for his Social Security check.  This court need not
consider this argument because revocation of Jacobs's supervised
release was mandatory based on the district court's finding
that Jacobs violated another condition of supervised release by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failing to report for drug testing.  See 18 U.S.C. § 3583(g)(3); United States v. McCormick, 54 F.3d 214, 219 & n.3 (5th Cir. 1995).  Therefore, the district court did not abuse its discretion in revoking Jacobs's supervised release.  See McCormick, 54 F.3d at 219 & n.3.

Jacobs also contends that the 11-month sentence imposed following the revocation of his supervised release was plainly unreasonable because it failed to take into account his mental and financial limitations.  Jacobs was subject to a five-year statutory maximum sentence upon revocation of his supervised release.  See 18 U.S.C. §§ 3559(a)(1), 3583(e)(3); 21 U.S.C. § 841(a)(1), (b)(1)(A).  The Sentencing Guidelines recommended a prison term of between 5 and 11 months based on Jacobs's Grade C violations and his criminal history category of III.  See U.S.S.G. § 7B1.4(a).  Jacobs's 11-month sentence was within the advisory guideline range and is neither unreasonable nor plainly unreasonable.  See United States v. Hinson, 429 F.3d 114, 120 (5th Cir. 2005), cert. denied, 126 S. Ct. 1804 (2006).

Accordingly, the district court's judgment is AFFIRMED.